**Joe C. Hermann, Defendant in Error, v. Felix Uhry, trading as F. Uhry & Company, Plaintiff in Error.**

**Gen. No. 19,482.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 19, 1914.

## Statement of the Case.

Action by Joe C. Hermann against Felix Uhry, trading as F. Uhry & Co., to recover damages alleged to have been suffered by the plaintiff by reason of his wrongful discharge by the defendant. To reverse a judgment in favor of plaintiff for two hundred and forty-five dollars, defendant brings error.

The contract for services was in writing, being made September 14, 1912, by its terms to end September 14, 1913. Commissions on sales of ten per cent. were provided for. The contract had these additional provisions:

"Party of the first part agrees to allow party of the second part a drawing account of twenty-five dollars ($25.00) per week and an additional thirty-five dollars ($35.00) on the first day of every month during the term of this contract, same to be charged against the before mentioned commissions.

The aforementioned drawing account is to terminate if the party of the second part becomes incapacitated either by illness or accident and to be resumed again on his entering upon his duties; said party of the second part being amply provided with sickness and accident insurances.

The party of the first part agrees to make a settlement in full with party of the second part on or about January 1st, on or about July 1st and upon termination of this contract."

It would appear that from the date of the contract until November 16, 1912, plaintiff received weekly payments of twenty-five dollars and the additional

monthly payment of thirty-five dollars in accordance with the provisions of the contract, and the plaintiff on December 2nd was told that his services were no longer required. Plaintiff's statement of claim was filed January 8, 1913.

SABATH, LEVINSON & STAFFORD, for plaintiff in error.

SMITH & WALLACE, for defendant in error; CARL L. V. EXSELSEN, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

MASTER AND SERVANT, § 52*—*when provision in contract for advancement may be considered in determining measure of damages for wrongful discharge.* A saleman's employment contract providing that the salesman shall be allowed a drawing account of twenty-five dollars per week and an additional sum of thirty-five dollars on the first day of every month, to be charged against commissions, construed to provide for the payment of such sums in any event and that such allowances would constitute a minimum estimate of the salesman's services, and furnish a fair criterion in determining the measure of damages in a suit for wrongful discharge from employment.

---

**Seaver E. Smeby, Defendant in Error, v. Lorenz Grupczynski, Plaintiff in Error.**

### Gen. No. 19,641.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 19, 1914. Rehearing denied June 2, 1914.

### Statement of the Case.

Replevin by Seaver E. Smeby against Lorenz Grup-

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.